# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**LEONA GREENE,**

    **Plaintiff,**

vs.                          Case No. 4:16cv586-RH/CAS

**TIFT REGIONAL HEALTH SYSTEM,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, has filed a motion seeking leave to proceed in forma pauperis, ECF No. 2, a motion requesting the appointment of counsel, ECF No. 3, and a civil rights complaint, ECF No. 1, alleging employment discrimination based on race.

Plaintiff resides in Nashville, Georgia, and worked at the Tift Regional Health System in Tifton, Georgia. The events which form the basis for Plaintiff's claims occurred in Tifton, Georgia, which is in Tift County. Tift County, Georgia, is within the jurisdiction of the United States District Court for the Middle District of Georgia, Valdosta Division. Therefore, because the events at issue in this case and the Defendant is located in the Middle

District of Georgia, the proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 90(b) is in the United States District Court for the Middle District of Georgia, Valdosta Division.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought."  The Court may also raise the issue of defective venue *sua sponte*.  Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988) (stating "a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue.")

Accordingly pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), it is respectfully **RECOMMENDED** that this case be transferred to the United States District Court for the Middle District of Georgia, Valdosta Division, for all further proceedings, including ruling on the pending motions.

**IN CHAMBERS** at Tallahassee, Florida, on September 27, 2016.

S/   Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 4:16cv586-RH/CAS

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.